# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:16-CR-388 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CECIL J. ROTNEM, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 14, 2017, defendant Cecil Rotnem ("Rotnem") entered a plea of guilty to a one count indictment charging him with possession of a firearm by a person with a misdemeanor domestic violence conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). (*See* Doc. No. 1 (Indictment).) On June 23, 2017, the Court sentenced Rotnem to a term of imprisonment of 48 months. (Doc. No. 21 (Judgment).)

On August 28, 2019, the Court received a letter from Rotnem requesting that the Court permit his early release from prison. (Doc. No. 23 (Letter).) While he concedes that he has not "had the best record in prison or spent [his] time [in] the most responsable [sic] way," he insists that he has "had enough[,]" and does not "want to be [in prison] anymore!" (*Id*. at 263–64, punctuation in original.)

The authority of the Court to resentence a defendant is limited by statute. *United States v. Houston,* 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross,* 245 F.3d 577, 858 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid

sentence. *United States v. Washington,* 584 F.3d 693, 700 (6th Cir. 2009).

Section 3582 of Title 18 of the United States Code provides "The court may not modify a term of imprisonment once it has been imposed except that ... the court, *upon motion of the Director of the Bureau of Prisons,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). In the absence of a motion by the Director of the Bureau of Prisons to reduce his term of imprisonment, this Court lacks the jurisdiction under § 3582 to grant the relief Rotnem requests. *See Engle v. United States,* 26 F. App'x 394, 397 (6th Cir. 2001) (district courts lack "jurisdiction to *sua sponte* grant compassionate release") (citing § 3582); *United States v. Crowe,* 430 F. App'x 484, 485 (6th Cir. 2011) (a district court lacks the authority to review a decision by the BOP to not seek a compassionate release). The Director of the Bureau of Prisons has not filed any such motion and, therefore, the Court lacks jurisdiction to grant Rotnem's request for early release pursuant to this provision.

Section 3582 also allows a court to modify "an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" § 3582(c)(1)(B). Rule 35, in turn, permits a court to correct within fourteen days after sentencing, "a sentence that resulted from arithmetical, technical, or other clear error[,]" or to reduce a sentence for "substantial assistance," upon the government's motion. Fed. R. Crim. P. 35. Rule 35 relief is not applicable, and Rotnem has failed to identify any statute that would entitle him to a sentence reduction.

Finally, § 3582(c)(2) permits a reduction of a sentence of imprisonment when the sentence was based upon a sentencing range that has subsequently been lowered by the Sentencing Commission in certain circumstances. As with the other provisions of § 3582, this section of the statute is not applicable herein.

On the basis of the foregoing, Rotnem's request to reduce his sentence is DENIED.

**IT IS SO ORDERED**.

Dated: September 4, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**