# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:16-CR-388 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CECIL J. ROTNEM, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On September 4, 2019, the Court entered an order denying the motion of defendant Cecil Rotnem ("Rotnem") for early release, upon its determination that the Court lacked the authority to resentence him or modify his existing sentence. (Doc. No. 24 (Order); *see* Doc. No. 23 (Motion).) The Court has recently received correspondence from Rotnem, dated December 17, 2019 and December 21, 2019, which the Court shall construe collectively as a request for reconsideration of the Court's September 4, 2019 Order. (Doc. No. 28 (Correspondence).) In these filings, Rotnem reiterates his request that the Court reduce his sentence, once again citing his desire to be reunited with his family and pets. (*See generally, id*.)

The Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration." In the Sixth Circuit, a motion for reconsideration may be "pursued under either Rule 59(e)—motion to alter or amend—or under Rule 60(b)—relief from judgment or order." *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983). When a party's Rule 59 motion is not filed within the mandatory 28-day period, the Court may consider

the motion as one for relief from judgment pursuant to Rule 60(b). *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Here, Rotnem failed to file his request within 28 days of the Court's September 4, 2019 Order, and, even if timely, the request fails to demonstrate an entitlement to relief under one of the four enumerated avenues for relief under Rule 59(e*). See Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (Under Rule 59(e), a district court will reconsider a prior decision if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.")

But even if the request is considered under Rule 60(b), which contains a more generous one-year time limit for filing, it would fail. Rule 60(b) sets out six reasons for which the Court is authorized to grant relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Most grounds for relief under Rule 60(b) "relate to, if not require, new information *about the case* that could not reasonably have been discovered earlier." *GenCorp. Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007) (emphasis added). Relief from judgment under Rule 60(b)(6)—the catch-all provision—is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quotation marks and citations omitted).

As the Court explained in its September 4, 2019 Order, the authority of a sentencing

court to resentence a defendant or modify his sentence is strictly limited by statute. (Order at 266–67 (citing authority).) Rotnem's desire to return to his home does not meet any of the enumerated reasons set forth in Rule 59(e) or Rule 60(b) and does not supply this Court with authority to modify an otherwise valid sentence. *See generally United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rotnem's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filed November 27, 2019, remains pending, and the Court will issue a ruling on that motion in due course. (*See* Doc. No. 25 (§ 2255 Motion).) In the interim, Rotnem is cautioned that the continued filing of frivolous motions may require the Court to restrict his access to the Court's docket.

For all the foregoing reasons, as well as the reasons set forth in the Court's September 4, 2019 Order, Rotnem's motion for reconsideration (Doc. No. 28) is DENIED.

**IT IS SO ORDERED**.

Dated: January 6, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**