# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:16-cr-388 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CECIL J. ROTNEM, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Cecil Rotnem ("Rotnem") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 25 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 27 ["Opp'n"]), and Rotnem has filed a reply in support of his § 2255 motion. (Doc. No. 32 ["Reply"].) For the reasons that follow, Rotnem's § 2255 motion is DENIED as time-barred.

## I. BACKGROUND

On February 14, 2017, Rotnem entered a plea of guilty to a one count indictment charging him with possession of a firearm by a person with a misdemeanor domestic violence conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). (2-14-18 Minutes; *see* Doc. No. 1 [Indictment].) On June 23, 2017, the Court sentenced Rotnem to a term of imprisonment of 48 months. (Doc. No. 21 [Judgment].)

Rotnem did not take a direct appeal from the Court's judgment, and, instead, on November 27, 2019, Rotnem filed the present motion under § 2255. According to Rotnem, he received certain enhancements at the time of sentencing, based on the quantity and type of ammunition that he possessed, that he believes may have resulted in a higher sentence. (Mot. at 269.) He requests that these enhancements be "removed," and that he be returned to the Court for resentencing, because he was unaware it was illegal to possess them. (*Id*. at 269-71.) The bulk of the motion is then devoted to a detailed explanation as to why the traumas of Rotnem's past may have contributed to his decisions to break the law, and a chronicle of the difficulties Rotnem has faced during incarceration. (*Id*. at 271-72.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710,

123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603-04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.*

3

Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*. (citations omitted).

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citation omitted).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Rotnem's motion—filed more than one year after his sentence became final—is time-barred under the governing statute, and Rotnem has not come forward with any facts that would demonstrate that he is entitled to equitable tolling.

**III. DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on June 23, 2017. Because Rotnem did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Fed. R. App. P. 4(b)(1).[1] Rotnem was required to file his § 2255 motion by July 7, 2018. Instead, he filed the motion on November 27, 2019, more than 16 months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

Rotnem has not identified an impediment created by the government, or new facts supporting a claim that were subsequently discovered through the exercise of due diligence to

---

[1] Prior to the 2009 amendment, Rule 4(b)(1) provided for a 10-day period for appealing a judgment in a criminal case.

5

justify the delay in filing the present motion. *See* § 2255(f)(2)-(4). Moreover, Rotnem has failed to identify any basis upon which the Court could find that equitable tolling would be appropriate. Instead, he suggests that his present motion is premised on a "Rehaif" issue, which the Court presumes is a reference to the Supreme Court's 2019 decision in *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). In *Rehaif*, the Supreme Court held that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a § 922(g) offense. *Id*. at 2194. Notwithstanding Rotnem's suggestion to the contrary, *Rehaif* did not extend a knowledge requirement to the sentencing guidelines. Accordingly, its holding is inapplicable to Rotnem's argument that his ignorance of the illegality of possessing large capacity gun magazines should have precluded the Court from considering this fact at sentencing.[2] His motion is, therefore, time-barred, and would, in any event, fail on the merits.[3]

---

[2] At sentencing, because Rotnem possessed two firearms—an AK-47 and a Tech 9—that were each fitted with a large capacity magazine, the Court set his base offense level at 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B). (*See* Doc. No. 22 [Final Presentence Investigation Report ("PSR")] at 234-36.) Six levels were added because of the number of firearms and four additional levels were added because Rotnem had been trafficking in firearms. (*See id*. at 236.) After acceptance of responsibility was credited, the total adjusted offense level was 27. (*Id*. at 237.) With a criminal history category of VI, the advisory guideline range was 87-108 months. (*See id*. at 246.) The Court departed downward substantially to arrive at a sentence of 48 months.

[3] In his reply, Rotnem argues for the first time that he did not file an appeal because his trial counsel advised him that he would lose credit for acceptance of responsibility if he took a direct appeal. (Reply at 296.) Rotnem does not claim that he instructed his counsel to file a notice of appeal and that his counsel failed to do so. He suggests that, if this communication was "not allowed" he would like to "file for inaffective [sic] assistance of councle [sic] right away." (*Id*.) He also posits that he was "maneuvered" into not accepting an early plea offer. (*Id*. at 296-97.) The issue of the effectiveness of trial counsel is not properly before this Court because matters raised for the first time in a reply brief are waived. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *Hunt v. Big Lots Stores, Inc*., 244 F.R.D. 394, 397 (N.D. Ohio 2007); *see, e.g., Killian v. United States*, Nos. 1:13-cr-33, 1:14-cv-326, 2018 WL 1475607, at *3 (E.D. Tenn. Mar. 26, 2018) (finding issue of ineffectiveness raised for the first time in a reply brief in support of a motion to vacate waived). Moreover, the reason why Rotnem did not file a direct appeal is irrelevant to the threshold question of whether the present § 2255 motion is timely. To the extent that Rotnem believes that he received ineffective assistance from his trial counsel, these facts were known to Rotnem at the time of sentencing, and his delay in raising them at any time prior to the expiration of the one-year filing period rendered them untimely.

### IV. CONCLUSION

For all of the foregoing reasons, Rotnem's untimely motion to vacate, set aside, or correct his sentence (Doc. No. 25) is denied and this case is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 29, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**