# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:16-cr-388 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| CECIL J. ROTNEM, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on a number of *pro se* motions filed by defendant Cecil Rotnem ("Rotnem"). Specifically, the Court shall address herein, (1) Rotnem's motion, under Fed. R. Civ. P. 59(e), to alter or amend (Doc. No. 30); (2) Rotnem's motion, under Fed. R. Civ. P. 60(b), for reconsideration (Doc. No. 31); and (3) Rotnem's motion for reconsideration of the denial of his request for a compassionate release (Doc. No. 33). For the reasons that follow, Rotnem's motions are denied.

On September 4, 2019, the Court entered an order denying Rotnem's motion for a compassionate release. (Doc. No. 24.) Following this ruling, the Court received additional correspondence from Rotnem. As was the case with respect to his motion for a compassionate release (*see* Doc. No. 23), in each letter Rotnem recounted the difficulties he was facing adjusting to prison life and expressed his desire to be reunited with his family and pets. (Doc. No. 28.) The Court construed these letters collectively as a request for reconsideration of the Court's order denying a compassionate release. On January 6, 2020, the Court denied Rotnem's

request for reconsideration, noting that the Bureau of Prisons ("BOP") did not move for release and Rotnem did not otherwise demonstrate his entitled to a compassionate release. (Doc. No. 29 at 289-91.)

The three motions that are presently before the Court all seek, by one legal vehicle or another, reconsideration of the Court's January 6, 2020 order denying his request for reconsideration. In each motion, Rotnem regurgitates his earlier complaints about his inabilities to cope with prison life. For example, in his Rule 60(b) motion, Rotnem indicates that "[m]y time in prison has been very hard and stressfull [sic], due to my incompatability [sic] with the other prisoners, for I am not like them." (Doc. No. 31 at 294.) Similarly, in his motion for reconsideration of his request for early release, he complains, "I still get picked on and used, and taken advantage of." (Doc. No. 33 at 299.) He insists, "I don't need this [prison] anymore." (*Id*.)

In its prior order denying reconsideration, the Court discussed the parameters of a court's treatments of requests for reconsideration, and the Court will not repeat that discussion herein. (*See* Doc. No. 29 at 289-90.) Suffice to say that the present motions do not add anything to the Court's reasons for denying his request to reconsider its denial of his request for a compassionate release, nor do they give the Court pause to reconsider the matter yet again. The motions, therefore, are denied for this reason alone.[1]

The Court makes three additional observations. First, though not specifically addressed in its prior rulings, Rotnem failed to exhaust his administrative remedies before seeking a compassionate release. On December 21, 2018, the First Step Act amended 18 U.S.C. §

---

[1] With respect to the most recent motion—Doc. No. 33, filed April 16, 2020—Rotnem does not cite the current health crisis surrounding the COVID-19 pandemic as a basis for his motion. Even if he had, Rotnem has not demonstrated that he has COVID-19, that he has been exposed to the virus, or that he is at a heightened risk of contracting the virus.

3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. The amendment provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). No exceptions to the exhaustion requirement are listed in the statute. Rotnem has not demonstrated he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or that 30 days has passed since the warden of his facility received a request from him to file such a motion. Accordingly, Rotnem's various requests for early release would fail for this additional reason.

Second, the Court is without authority to grant the relief he seeks. In his Rule 59(e) and 60(b) motions, Rotnem requests that the Court permit him to serve the remainder of his sentence in home confinement. (*See* Doc. No. 30 at 388; Doc. No. 31 at 294.) The authority to modify the conditions of how and where a sentence is carried out lies with the BOP. *See Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011) (holding "[w]hen a court sentences a federal offender the BOP has plenary control, subject to statutory constraints, over 'the placement of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b)]"); *see, e.g., United States v. Curry*, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act [of 2018] gives the *Attorney General* [or the BOP by designation of the Attorney General] the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant [home confinement].") (emphasis in original).

Third, Rotnem has now requested reconsideration of the same September 4, 2019 ruling four times,[2] essentially raising the same points each time. In doing so, he has established a pattern of filing regular and meritless motions to protest the Court's rulings. In its January 6, 2020 Order, the Court "cautioned [Rotnem] that the continued filing of frivolous motions may require the Court to restrict his access to the Court's docket." (Doc. No. 29 at 291.) Rotnem did not heed this warning. While the Court is very tolerant of legal filings from *pro se* litigants, its tolerance is not without limits. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *Douglas v. City of Cleveland*, 1:12 CV 1145, 2012 WL 4753365 (N.D. Ohio Oct. 4, 2012) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986)). Federal courts also have the power to award sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

Moreover, this Court has the responsibility to prevent litigants from unnecessarily consuming judicial resources needed by others. *Id*. To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1 987); see also *Hyland v. Stevens*, 37 F. App'x 770, 771 (6th Cir. 2002); *Siller v. Haas*, 21 F. App'x 270, 272 (6th Cir. 2001) (unpublished); *Wrenn v. Vanderbilt Univ. Hosp*., 1995 WL 111480 (6th Cir. 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)).

Accordingly, the Court enjoins Rotnem from filing any new motions or documents in this

---

[2] Rotnem also raised many of these same complaints in his recent motion to vacate under 28 U.S.C. § 2255. (*See* Doc. No. 25 at 272.)

case without seeking and obtaining leave of the court in accordance with the following:

1. Rotnem must file a "Motion Pursuant to Court Order Seeking Leave to File," with any motion he proposes to file.

2. As an exhibit to any motion seeking such leave, he must attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion for leave is denied, the proposed motion shall remain on the docket as a matter of public record but will not be deemed filed. Further, Rotnem's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion for leave to file and may be considered an act of contempt for which he may be sanctioned accordingly.

      The Clerk's Office is hereby ordered as follows: Any motion submitted by Rotnem in this case shall not be filed unless specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: (1) an affidavit or sworn declaration as required by this order; and (2) a copy of this Order. This Order shall have no bearing on Rotnem's right to appeal any of the Court's orders to the Sixth Circuit Court of Appeals or any other court of appropriate jurisdiction.

For all the foregoing reasons, Rotnem's motions for reconsideration—Doc. Nos. 30, 31 and 33—are denied, and the Court hereby identifies Rotnem as a restricted filer.

**IT IS SO ORDERED**.

Dated: April 29, 2020

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**